IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE ESCRIBANO, AL LEBLANC, BRYCE MILLER, ROBERT MILLS, MICHAEL STRAWN, JAMES WILLIAMSON, *et al.*, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:16-CV-1196-RP |
| TRAVIS COUNTY, TEXAS, and SARAH ECKHARDT, *in her official capacity*, | § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' motion to stay, (Dkt. 20).[1] After reviewing the briefs and the relevant law, the Court **DENIES** the motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Firebroad Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55). In addition to weighing the competing interests of the parties, "the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'" *Id.* (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

---

[1] The motion also requested, in the alternative, an extension of the dispositive motions deadline. The Court granted that motion by text order dated November 29, 2017.

The instant action strikingly similar to the action in cause number 1:15-CV-331-RP, also before this Court.[2] Many of the legal issues are the same. In 1:15-CV-331-RP, Plaintiffs brought suit for Defendant's failure to pay them at one and a half their regular rate of pay for hours worked in excess of 40 each week (including on-call and callback time) and for retaliation. (Cause No. 1:15-CV-331-RP, Third Am. Compl., Dkt. 29, at 4–5).

In 1:15-CV-331-RP, the Court granted Defendant's motion for summary judgment with respect to the retaliation claim, but denied it with respect to the core FLSA claim. (Cause No. 1:15-CV-331-RP, Order, Dkt. 51). The case went to trial. The jury returned a verdict for the plaintiffs. (Cause No. 1:15-CV-331-RP, Verdict, Dkt. 71). After various post-trial motions and orders, the plaintiffs requested that the Court reconsider its order granting the defendant's motion for judgment as a matter of law and the plaintiffs' motion for a new trial. (Cause No. 1:15-CV-331-RP, Mot. Reconsideration, Dkt. 91). In that request, the plaintiffs indicated their intention to file an appeal if the Court did not reconsider its order granting judgment as a matter of law. (Cause No. 1:15-CV-331-RP, Dkt. 95, at 2).

In light of Plaintiffs' stated intention to appeal, Defendants in this action requested a stay pending the resolution of that appeal by the Fifth Circuit. (Dkt. 20). However, no appeal has yet been filed. It would be premature to order a stay based on an appeal that is currently nonexistent. Although the cases have many factual and legal similarities, the Court finds that the delay caused by granting a stay would unduly prejudice Plaintiffs. Given the trial scheduled for February, any such stay would prejudice Plaintiffs' interest in having their claims heard in a timely fashion.

## CONCLUSION

For the foregoing reasons, Defendants' motion to stay the case, (Dkt. 20), is **DENIED**.

---

[2] There is a large overlap between the plaintiffs in that case and the plaintiffs in this one. Jose Escribano, Al Leblanc, Bryce Miller, Robert Mills, Michael Strawn, and James Williamson, the plaintiffs in the first case, are also plaintiffs in this case. Jason Jewert, Michael J. Canales, and Belinda Mangum, the additional three plaintiffs in this case, were only added recently, after the case had been pending for nearly eleven months.

**SIGNED** on December 21, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE