IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRYCE MILLER, ROBERT MILLS, MICHAEL STRAWN, JASON JEWERT, MICHAEL CANALES, and BELINDA MANGUM, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:16-CV-1196-RP |
| TRAVIS COUNTY, TEXAS, and SARAH ECKHARDT, *in her official capacity*, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Plaintiffs' partial motion for summary judgment,[1] (Dkt. 27), and

Defendants' motion for summary judgment, (Dkt. 28). After reviewing the record, briefing, and

relevant law, the Court issues the following order.

## I. BACKGROUND

Plaintiffs, all lieutenants in the Travis County Sherriff's Office, seek compensation for time

worked in excess of 40 hours per week. They claim they are entitled to this compensation based on

three grounds: (1) Travis County has declined to compensate them for overtime work in violation of

the Fair Labor Standards Act ("FLSA"); (2) Travis County is obligated by a Texas statute to pay

them overtime but has failed to do so; and (3) by not paying them overtime, Travis County has

unconstitutionally deprived them of the property right to overtime pay secured by the Texas statute.

Three of the plaintiffs were parties to a similar overtime case in this Court, which went to trial in

---

[1] Three of the plaintiffs have dismissed their claims. (Stip. Dismissal, Dkt. 29). The six remaining plaintiffs in the case are Lieutenants Bryce Miller, Robert Mills, Michael Strawn, Jason Jewert, Michael J. Canales, and Belinda Mangum.

September 2016. (Cause No. 1:15-cv-331 [hereinafter "*Escribano I*"], Dkt. 60).[2] The jury returned a verdict for the plaintiffs on their FLSA claims, (*id.*, Dkt. 71), and the Court partially granted the defendants' motion for judgment as a matter of law and partially granted the plaintiffs' motion for a new trial, (*id.*, Dkt. 89). Subsequent post-trial briefing in that case is still pending.

In this case, Travis County and Sarah Eckhardt, in her capacity as Travis County Judge, ("Defendants") have moved for judgment on the pleadings regarding the constitutional and state law claims. Both Plaintiffs and Defendants have moved for summary judgment on the FLSA claim.

## II. LEGAL STANDARD

*A. Summary Judgment*

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87

---

[2] Lieutenant Escribano, a plaintiff in the previous case and originally a plaintiff in this case, is no longer a party to this case after settling his claims. (Dkt. 39). For ease of reference the Court will continue to refer to the previous case as *Escribano I*.

(1986); *Wise v. E.I. Dupont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "Where a defendant moves for summary judgment on the basis of an affirmative defense and, thus, bears the ultimate burden of persuasion, 'evidence must be adduced supporting each element of the defense and demonstrating the lack of any genuine issue of material fact with regard thereto.'" *Gellhaus v. Wal-Mart Stores, Inc.*, 769 F. Supp. 2d 1071, 1074 (E.D. Tex. 2011) (quoting *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002)). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court views this evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Cross-motions for summary judgment "must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Shaw Constructors v. ICF Kaiser Engineers, Inc.*, 395 F.3d 533, 538–39 (5th Cir. 2004).

### B. Rule 12(c)

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). Accordingly, the Court "must accept the factual allegations in the pleadings as true," but the "plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face," *id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) with respect to Plaintiffs' claims under Texas law, the United States Constitution, Texas Local Government Code § 157.022, and certain specific forms of relief sought by Plaintiffs. (Defs.' Mot. J. on Pleadings and Mot. Summ. J., Dkt. 28, at 2).

*A. Section 1983 Claim*

Plaintiffs assert that Defendants' failure to compensate Plaintiffs for overtime hours worked deprives them of the right to overtime pay conferred upon them by Texas statute, which mandates overtime pay for certain peace officers. TEX. LOC. GOVT CODE § 157.022(a) ("A peace officer employed by a county with a population of more than one million may not be required to work more hours during a calendar week than the number of hours in the normal work week of the majority of other county employees."); *id.* § 157.022(c) ("A peace officer who elects to work extra hours during a calendar week shall be compensated on a basis consistent with overtime provisions of the county personnel policy."). Plaintiffs contend they have a property interest in this guarantee of overtime compensation and that Defendants have violated the Fourteenth Amendment by depriving Plaintiffs of that property without due process. U.S. CONST. amend. XIV, § 1. Plaintiffs have accordingly brought a claim pursuant to 42 U.S. § 1983. (Pls.' Third Compl., Dkt. 18, ¶ 21).

Defendants counter that this claim is precluded, citing cases holding that § 1983 claims based on FLSA violations are barred. Defendants cite a Fourth Circuit decision and an opinion by another district court in this circuit declaring § 1983 unavailable to plaintiffs bringing claims based on FLSA violations. *See Kendall v. City of Chesapeake, Va.*, 174 F.3d 437, 443 (4th Cir. 1999) ("Congress has evinced a clear intent to preclude the use of § 1983 for the protection of overtime compensation rights secured by the FLSA."); *Perez v. City of New Orleans*, 173 F. Supp. 3d 337, 349 (E.D. La. 2016) (dismissing a § 1983 claim on the grounds that the FLSA provides the exclusive remedy under

federal law for bringing claims related to overtime pay violations). The two cases reason that Congress intended to make the FLSA's remedial scheme the exclusive means of pursuing a lawsuit alleging an FLSA violation, thereby implicitly barring a § 1983 cause of action for plaintiffs deprived of rights granted by the FLSA.

However, these cases have no bearing on Plaintiffs' § 1983 claim. Plaintiffs maintain that their § 1983 claim stems from a property interest independently created by state law; they do not allege that claim depends upon an underlying FLSA violation. Plaintiffs claim a property interest in the right to receive overtime compensation enumerated in the statute and allege that Defendants have unconstitutionally deprived them of that interest. (Pls.' Resp., Dkt. 31, at 17). The rationale underlying *Kendall* does not apply to this claim. Section 1983 provides a federal right of action to those who "allege the violation of a right preserved by another federal law or by the Constitution." *Kendall*, 174 F.3d at 440 (citing *Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979)). If the right violated is secured by a federal statute, a person "can bring an action pursuant to § 1983 only if Congress has not foreclosed recourse to that statute." *Id.* The *Kendall* court found that the FLSA's remedial scheme precluded a § 1983 remedy based on a violation of FLSA. *Id.* at 443. However, neither *Kendall* nor *Perez* held that the FLSA precluded a § 1983 claim based on a right secured by the Constitution itself. Those cases do not bar a § 1983 property right claim merely because it is related to the same subject matter—overtime compensation—as the FLSA. The plaintiffs in those cases did not bring a § 1983 claim that alleged the deprivation of a property interest granted by the state, as Plaintiffs do here.

"The hallmark of property, the Court has emphasized, is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11–12 (1978)). Although the types of interests constitutionally protected as property "are varied and, often as not,

intangible," *id.*, the property interest in money claimed by Plaintiffs here falls on the tangible end of the spectrum. If a state statute does secure a right to overtime compensation, and Defendants have deprived Plaintiffs of that right without due process, then Plaintiffs may have a valid § 1983 claim.

     *B. Texas Local Government Code Section 157.022*

     As discussed above, Section 157.022 mandates overtime pay for certain peace officers. It does not, however, provide an express remedy for peace officers who are not paid accordingly. TEX. LOC. GOVT CODE § 157.022. Although this statute may provide the source of a valid § 1983 claim for deprivation of a property right, Plaintiffs have not shown that Texas law provides a private cause of action for a violation of this statute. Plaintiffs' suggestion that *Karr v. City of Beaumont* supports their position misapprehends the case. Plaintiffs assert that the *Karr* court "granted summary judgment to police officers of the City of Beaumont based upon claims that they were entitled to overtime for work over 40 hours in a week pursuant to Texas Local Government Code § 142.005." (Pls.' Resp., Dkt. 31, at 16). It is true that the court granted summary judgment to police officers. But it was not because of Texas Local Government Code § 142.005. Rather, that provision prevented the defendants from claiming a particular exemption to the FLSA—Section 207(k)—that is not at issue in this case. The court's reason for doing so was based on the FLSA itself, which provides that the Section 207(k) exemption does not apply when a state law establishes a maximum workweek lower than the maximum workweeks established by the FLSA. The court did not, as Plaintiffs suggest, ground its finding for the plaintiffs on the government code provision, which was only significant insofar as it rebutted an argument that is irrelevant in this case because Defendants have not raised it. Additionally, as this Court explained in *Escribano I,* "Section 157.002 of the Local Government Code does not create a private right of action." (*Escribano I*, Dkt. 51, at 4). Plaintiffs' state law claim cannot move forward; Defendants' motion for judgment on the pleadings is therefore granted with respect to this claim.

*C. Forms of Relief*

Because Defendants contend that the FLSA is the only viable cause of action for Plaintiffs, they ask the Court to order that only those remedies countenanced by the FLSA are available. However, as noted above, Plaintiffs' § 1983 claim survives along with their FLSA claim, so forms of relief associated with both causes of action may be available. However, it is true that, as discussed above, the state law claim has been dismissed and therefore cannot be the source of any form of relief, including declaratory relief and attorney's fees.

## III. FLSA

Defendants and Plaintiffs have both moved for summary judgment on Plaintiffs' FLSA claims. The FLSA requires overtime pay for employees who work more than 40 hours per week. 29 U.S.C. § 207(a)(1). The law provides for various exemptions from that baseline requirement. The exemption pertinent here is the bona fide executive exemption. *Id.* § 213(a)(1) (stating that the overtime requirements do not apply to "any employee employed in a bona fide executive . . . capacity"). The bona fide executive exemption applies to employees (1) paid at least $455 per week "on a salary basis" (2) whose "primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof," (3) who "customarily and regularly" direct "the work of two or more employees;" and (4) who have the "authority to hire or fire other employees" or whose hiring and firing recommendations "are given particular weight." 29 C.F.R. § 541.100(a).[3] An employer claiming a bona fide executive exemption "bears the burden of proving that employees are exempt." *Dalheim v. KDFT-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990).

---

[3] The Department of Labor issued an amendment to the rule in 2016 that was scheduled to take effect on December 1, 2016. 81 Fed. Reg. 32,391 (May 23, 2016). That amendment was halted by a preliminary injunction issued on November 22, 2016. *Nevada v. U.S. Dep't of Labor*, 218 F. Supp. 3d 520, 534 (E.D. Tex. 2016). The court in that case has since issued a permanent injunction. *Nevada v. U.S. Dep't of Labor*, 275 F. Supp. 3d 795 (E.D. Tex. 2017). All references to the regulation in this order will be to its form as it existed prior to the amendments, which never took effect.

The regulations promulgated by the Department of Labor have clarified that the bona fide executive exemption does not apply to people including "police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators, inspectors, . . . and similar employees" who "perform such work as . . . preventing or detecting crimes" and "conducting investigations or inspections for violations of law" or "other similar work." 29 C.F.R. § 541.3(b)(1). These types of employees do not fall within the ambit of the bona fide executive exemption "because their primary duty is not management of the enterprise in which the employee is employed . . . as required under § 541.100." *Id.* § 541.3(b)(2). In other words, they do not meet the second factor of the four-part bona fide executive employee exemption. By way of example, the regulation states that a police officer "whose primary duty is to investigate crimes . . . is not exempt . . . merely because" the officer "also directs the work of other employees in the conduct of an investigation or fighting a fire." *Id.* This clarification of the bona fide executive exemption's application to certain types of employees has, somewhat misleadingly, been called the "first responder" regulation. It applies to a broad range of types of work, including paramedics and emergency medical technicians, but it also extends to activities such as law enforcement. *Id.* § 541.3(b)(1).

## IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The "employer bears the burden of proving that employees are exempt." *Dalheim v. KDFT-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990). "Exemptions from the FLSA are construed narrowly against the employer, who carries the burden of proof to establish the exemption." *Coberly v. Christus Health*, 829 F. Supp. 2d 521, 529 (N.D. Tex. 2011) (citing *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006)). If a party moving for summary judgment "bears the burden of proof at trial, then its burden of production is greater." Wright & Miller, Federal Practice & Procedure § 2727.1 (4th ed. April 2017 Update); *see also Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991) ("Where, as here, the *moving party* bears the burden of proof at trial, it must come

forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'") (citation and quotation marks omitted). To meet their summary judgment burden, then, Defendants must produce sufficient evidence to be entitled to judgment with respect to every bona fide executive factor, if the evidence were uncontroverted at trial. *Cf. Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 360 (5th Cir. 2010) (explaining that because the party moving for summary judgment would have the burden of proof at trial, it "had the burden of producing evidence in support of its motion to establish that there existed no issue of material fact regarding" the defense). Defendants have not met that burden here; their motion for summary judgment must therefore be denied.

*A. Salary Basis*

Defendants have not met their burden with respect to whether Plaintiffs are paid on a "salary basis," as a plaintiff must be to fall under the bona fide executive exemption. 29 C.F.R. § 541.100(a)(1). Defendants point solely to an affidavit from Kate Kearney, the manager of the County Sheriff's Office human resources department, stating that Plaintiffs are "paid more than $100,000 a year on a salary basis,"[4] (Kearney Aff., Dkt. 28-4, ¶ 3; *see also* Defs.' Mot. Summ. J., Dkt. 28, at 6).[5] Plaintiffs counter that the Kearney affidavit is merely a legal conclusion. The Court agrees and declines to find, at this point, that Defendants have met their initial burden to produce sufficient evidence that Plaintiffs are paid in a manner that meets the definition of "salary basis." An employee is paid on a salary basis if "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation,

---

[4] $100,000 per year comes out to just over $1,900 per week, which is well over the requisite $455 per week laid out in the regulation.

[5] Plaintiffs object to this portion of the Kearney affidavit on the ground that it constitutes "an unadorned factual and legal conclusion without any additional allegations to support it." (Dkt. 33, at 1). This assertion is more properly characterized as an argument that the statement is insufficient to support Defendants' summary judgment burden than as an evidentiary objection. The Court addresses the sufficiency in the body of the order, but will note here that the statement does not have any apparent evidentiary problems. As the manager of human resources for the Sheriff's Office, it is likely that Kearney has personal knowledge of the manner in which Plaintiffs are paid. (Defs.' Resp. Obj., Dkt. 36, at 1–2).

which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). The only evidence put forward by Defendants is a conclusory statement from Kate Kearney that Plaintiffs are paid on a salary basis. Although Kearney, as manager of the human resources department, is in a good position to possess personal knowledge of how Plaintiffs are paid, her statement that they are paid "on a salary basis" is not sufficient to show conclusively that the way in which Plaintiffs are paid meets the rule's definition of "salary basis." The statement does not elaborate upon the manner of payment of Plaintiffs, and it does not elucidate whether the pay is "not subject to reduction." *Id.* An exempt employee "must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours work." *Id.* The Supreme Court has clarified that the "subject to reduction" circumstance entails "an actual practice of making such deductions or an employment policy that creates a 'significant likelihood' of such deductions." *Auer v. Robbins*, 519 U.S. 452, 461 (1997). Defendants have produced no evidence of whether there is such a practice.

Plaintiffs point to their own affidavits, which Plaintiffs say, without explanation, establish that they are not paid on a salary basis. (Pls.' Resp., Dkt. 31, at 2 ("Moreover, as set forth in the attached affidavits, each [of] the Lieutenants are not paid on a salary basis.")). Plaintiffs' affidavits, in themselves, do not support this conclusion. They each read: "Like all lieutenants, I am not paid on a salary basis. For instance . . . if I worked less than forty hours a week, even if I completed all necessary work, I would be suspended without pay or terminated." (Mills Aff., Dkt. 31-1; Strawn Aff., Dkt. 31-2, at 2; Canales Aff., Dkt. 31-3, at 2; Mangum Aff., Dkt. 31-4, at 2; Jewert Aff., Dkt. 31-5, at 2).[6] However, because Defendants failed to meet their initial summary judgment burden, Plaintiffs' failure to produce evidence that they are not paid on a salary basis is irrelevant here.

---

[6] Defendants object to the Canales affidavit, (Dkt. 35), asserting that it is not based on personal knowledge. The Court does not rely on the affidavit in this order and therefore declines to rule on the objection.

Defendants also point to a number of other arguments for the first time in their reply brief, including: (1) the stipulation of the plaintiffs in *Escribano I* that they were not paid less than $455 a week; (2) the absence of a contention in this case that Plaintiffs are paid differently than the plaintiffs in *Escribano I* were; and (3) the fact that the Court found that the plaintiffs in *Escribano I* were paid on a salary basis as a matter of law. (Defs.' Reply, Dkt. 37, at 3–4). The Court need not consider an argument raised for the first time in Defendants' reply brief in support of their motion for summary judgment, *Weber v. Merrill Lynch*, 455 F. Supp. 2d 545, 555 (N.D. Tex. 2006) ("[T]he court can decline to consider an argument raised for the first time in a reply brief."), and doing so could run the risk of prejudicing Plaintiffs, *McDaniel v. Miss. Baptist Med. Ctr.*, 869 F. Supp. 445, 453 (S.D. Miss. 1994) ("In the interest of fairness, Defendant should not be allowed to raise new grounds for the first time in its rebuttal to which Plaintiff will not have the opportunity to provide an adequate response.").

Moreover, none of the new arguments raised is persuasive. First, three of the plaintiffs in this case were not parties in *Escribano I*. Second, the stipulations in *Escribano I* explicitly stated that they were agreed to only for the purposes of that case. (*Escribano I* Joint Stipulation of Facts, Dkt. 28-6 ("[T]he below-listed statements of fact are true and correct for all purpose[s] in this lawsuit."). Any stipulations made there that have not been made here cannot be relied upon. Similarly, the Court's finding that the *Escribano I* plaintiffs were paid on a salary basis as a matter of law was based on evidence presented at trial. Without explicitly making an argument about issue preclusion (which they have not done),[7] Defendants cannot use that finding to bind Plaintiffs here. Defendants can

---

[7] Nor does it appear that issue preclusion would apply here. Issue preclusion arises when "an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982); *see also B&B Hardware v. Hargis Industries, Inc.*, 135 S. Ct. 1303 (2015) (noting that the Supreme Court "regularly turns to the Restatement (Second) of Judgments for a statement of the ordinary elements of issue preclusion" because issue preclusion "can be challenging to implement"). One immediately discernible problem with an issue preclusion argument here is that three of the plaintiffs here were not parties to the previous litigation; Defendants have made no argument about the applicability of an exception to that rule.

rely only on evidence they have produced in this case. Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in the record" to establish that a fact cannot be disputed). Therefore, they are not entitled to summary judgment on this issue.

    *B. Directing Work of Two or More Employees*

    A bona fide executive employee must also "customarily and regularly [direct] the work of two or more other employees." 29 C.F.R. § 541.100(a)(3). The only evidence pointed to by Defendants to support this element of the exemption is a stipulation from *Escribano I*. (Defs.' Mot. Summ. J., Dkt. 28, at 6–7; Stipulations from *Escribano I*, Dkt. 28-6, ¶ 9). As explained above, *supra* Part IV.A., this stipulation was made for the purposes of that case only. Because Defendants have not put forth any additional or independent evidence in support of this element of their affirmative defense, they are not entitled to summary judgment as to this portion of the bona fide executive exemption.

    *C. Authority to Hire, Fire, or Give Recommendations with Particular Weight*

    The bona fide executive exemption applies only to an employee who "has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a)(4). Defendants' only assertion in support of this factor, provided in their summary judgment brief, is a simple restatement of the standard with a general citation to an affidavit. They provide no explanation for how the affidavit supports their assertion. (Defs.' Mot. Summ. J., Dkt. 28, ¶ 12 (restating the regulation's fourth element and following it only with a citation to "Ex. 5, William Poole Affidavit")). A review of the affidavit reveals no mentions of authority to either hire or fire. (Poole Aff., Dkt. 28-7). The closest the affidavit comes is to state that Lieutenant Strawn (it does not mention any of the other five plaintiffs) has the authority to "recommend to the Captain" disciplinary actions, including "written reprimand, suspension or even

termination." (*Id.* at 2). The mere fact that Plaintiffs can make recommendations is insufficient to demonstrate as a matter of law that Plaintiffs' recommendations as to changes in employment status "are given particular weight." 29 C.F.R. § 541.100.  Defendants have therefore not demonstrated that they are entitled to summary judgment on this issue.[8]

### D. Standing—Lieutenant Canales

In the midst of their summary judgment brief, Defendants offhandedly mention that they think Lieutenant Canales lacks standing to bring any claims. (Defs.' Mot. Summ. J., Dkt. 28, ¶ 16). However, the evidence Defendants point to is insufficient to establish that Lieutenant Canales lacks standing. Defendants claim that a statement made by Lieutenant Canales demonstrates that he "did not work any overtime during the Relevant Period." (*Id.*). Although his statement does suggest that it is his general practice to work no more than 40 hours per week, he does not say that he *never* worked more than 40 hours per week during the relevant period. (Canales Dep., Dkt. 28-8, 79:2–3 ("Q: Do you work ten hours four days a week? A: Correct."); *id.* at 79:13–25 (explaining that it is Canales's normal practice to even out the time he works daily to total forty hours per week)). Lieutenant Canales did not say in his deposition that he never departs from this normal practice. In fact, the deposition alludes to a time sheet kept by Lieutenant Canales. (*Id.* at 79:21–23). This time sheet would indicate whether or not he departed from this practice during the relevant period. Defendants have not pointed to the time sheet or any other evidence that would conclusively establish that Lieutenant Canales lacks the injury in fact necessary for standing in their motion for summary judgment. They are not entitled to summary judgment on this issue.

---

[8] Defendants cite to some depositions to support this argument in their reply brief in support of their motion for summary judgment. (Defs.' Reply, Dkt. 37, at 6). The Court will not consider this argument for the purpose of resolving Defendants' motion for summary judgment because it was not raised in the motion, and Plaintiffs were not given an opportunity to respond to it accordingly. *McDaniel*, 869 F. Supp. at 453.

## V. PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT

Plaintiffs seek partial summary judgment as to two of the four bona fide executive factors: their primary duty and the authority to hire and fire or give recommendations regarding employment status that are given particular weight.

### A. Authority to Hire, Fire, or Give Recommendations with Particular Weight

Defendants have raised a genuine dispute of fact on this issue. The regulations give guidance to help determine whether an employee's recommendations regarding "hiring, firing, advancement, promotion or any other change of status are given particular weight." 29 C.F.R. § 541.105. As the text suggests, the employee in question need not have the authority to unilaterally hire or fire someone. "If final decision-making authority were the test for determining whether a person was an executive or administrative employee, one would rarely, if ever, qualify as such an employee under the regulations." *Kastor v. Sam's Wholesale Club*, 131 F. Supp. 2d 862, 867 (5th Cir. 2001). The rule itself makes clear that courts should consider the following factors:

> whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon.

29 C.F.R. § 541.105. The recommendations generally must "pertain to employees whom the executive customarily and regularly directs." *Id.* An "occasional suggestion" does not count, but the recommendations can have "'particular weight' even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status." *Id.*

Defendants point to deposition testimony that is sufficient to prevent the Court from concluding that no reasonable jury could find in favor of Defendants on the issue. Defendants do not contend that Plaintiffs have ultimate authority to hire or fire subordinates, but they have

14

produced evidence suggesting that their recommendations on such decisions may be given "particular weight." 29 C.F.R. § 541.100(a)(4).

First, Plaintiffs are responsible for conducting performance evaluations for sergeants they supervise and reviewing the performance evaluations those sergeants conduct regarding the deputies they supervise in turn, with some indications that Plaintiffs have the authority to change the evaluations of the deputies conducted by sergeants. (Defs.' Reply, Dkt. 37, at 6; Canales Dep., Dkt. 28-8, at 36:18–38:15). Second, Plaintiffs have the authority to recommend termination or discipline and have provided some evidence of the weight given to their recommendations: at least one plaintiff testified that he has recommended a termination that ultimately was carried out, (Canales Dep., Dkt. 28-8, at 61:24–62:6), and that at least once he has recommended a suspension that was also carried out, (*id.* at 62:12–17). Finally, Defendants point to deposition testimony given by Chief James Sylvester indicating that lieutenants' recommendations in this area are given significant weight. Although the Sheriff has the ultimate decision to hire or fire an employee, the chief deputy's recommendations are often taken. (Sylvester Dep., Dkt.  at 73:10–14; 74:15–17). And the chief deputy gives substantial weight to the recommendations of the lieutenants. (*Id.* at 80:23–81:3 ("The sergeant and lieutenant, those recommendations to me mean a lot. . . . Those probably have the heaviest weight.")). These facts are sufficient to create a legitimate factual dispute; summary judgment is therefore not appropriate. *See Rainey v. McWane, Inc.*, 314 Fed. App'x 693, 696 (5th Cir. 2009) (upholding summary judgment for an employer who "presented evidence that the production supervisors exclusively evaluate provisional workers and provide recommendations as to their hiring as regular employees," and that the plaintiffs failed to provide "any evidence to contradict this practice or indicate that these recommendations are not typically followed"); *Gellhaus*, 769 F. Supp. 2d at 1082–83 (finding that the employee met the requirement when her manager stated that she "relied on, considered, and gave particular wait to" the plaintiff's recommendations in such matters).

15

B. *Primary Duty*

Defendants and Plaintiffs have both asserted that they are entitled to summary judgment on the primary duty element of the bona fide executive exemption. As noted above, because the burden of proving the bona fide executive exemption rests on Defendants, their failure to demonstrate that the first, third, and fourth elements of the exemption have been met precludes granting summary judgment in their favor. The Court therefore considers whether Plaintiffs have met their summary judgment burden with respect to primary duty.

They have not. To meet the requirement, an employer must show that an employee's "primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof." 29 C.F.R. § 541.100(a)(2). A primary duty is "the principal, main, major or most important duty that the employee performs." *Id.* § 541.700(a). "Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." *Id.* To determine an employee's primary duty, courts look to (1) "the relative importance of the exempt duties as compared with other types of duties," (2) "the amount of time spent performing exempt work," (3) "the employee's relative freedom from direct supervision," and (4) "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id.* The amount of time spent on a particular type of work can be instructive, so "employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement," but time alone "is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work." *Id.* § 541.700(b).

Plaintiffs contend that their primary duty is not management because their primary duty falls under the first responder regulation, which clarifies that employees primarily engaged in activities

such as frontline law enforcement are not covered by the bona fide executive exemption because their primary duty is not management. 29 C.F.R. § 541.3(b)(1). The Court thoroughly detailed the interplay between the primary duty factor of the bona fide executive test and the so-called first responder regulation in its summary judgment order in *Escribano I.* (Cause No. 1:15-CV-331-RP, Dkt. 51, at 8–15). Because there is no Fifth Circuit precedent on the matter, the Court concluded, drawing from opinions from the Second, Fourth, and Tenth Circuits,[9] as well as guidance from the Department of Labor, that:

> to determine whether a purported first responder is exempt from the FLSA's overtime requirement, a court must begin by asking whether the employee's primary duty involves frontline law enforcement or emergency response. The court answers this question by looking to see whether the employees' primary duty involves the types of non-exempt activities enumerated in the first responder regulation (e.g. preventing or detecting crimes, conducting investigations, preparing investigative reports, etc.). It makes no difference whether the activity involves the concurrent supervision or direction of subordinates: law enforcement and emergency response work is non-exempt even if the work contains elements of exempt management. If the court finds that the employee's primary duty is law enforcement or emergency response, then the employee is not an exempt executive employee, as her primary duty is not management. See 29 C.F.R. § 541.3(b)(2).

*Id.* at 15. The fact that the employee primarily supervises others whose primary duty is frontline law enforcement does not automatically make the employee a first responder if the employee himself is not actually engaged in such activities. *Id.* at 17–18 ("The first responder regulation does not create a transitive property of management such that the direction or supervision of frontline law enforcement, no matter how attenuated, is itself considered frontline law enforcement.") (citing *Benavides v. City of Austin*, No. A-11-CV-438-LY, 2013 WL 3197636, at *9 (W.D. Tex. June 20, 2013)). The employee must be personally engaged in frontline law enforcement to fall under the first responder regulation.

---

[9] *Morrison v. County of Fairfax, Va.*, 826 F.3d 758 (2016); *Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822 (10th Cir. 2012); *Mullins v. City of New York*, 653 F.3d 104 (2d Cir. 2011).

Here, a fact issue exists as to whether Plaintiffs' primary duty is management or frontline law enforcement. Plaintiffs once again misconstrue the interplay between management and frontline law enforcement as outlined by the Court in arguing that the fact that "all of the units supervised by the Lieutenants constitute front line law enforcement . . . alone is dispositive" in their favor, (Pls.' Mot. Summ. J., Dkt. 27, at 11). This is not accurate. Rather, the inquiry turns on whether the lieutenants themselves engage primarily in frontline law enforcement. If they do, the first responder regulation merely clarifies that managing while engaging in frontline law enforcement does not make management their primary duty for the purposes of the exemption. *See, e.g.*, *Maestas*, 664 F.3d at 827 ("The first responder regulation does not alter the primary duty test. Thus, high-level employees who perform some first responder duties, like police lieutenants or fire chiefs, can nonetheless be exempt executives if their primary duty is managerial and they meet the other elements of the test.").

Here, as in *Escribano I*, there is evidence that Plaintiffs' duties include both frontline law enforcement and management. For the purposes of the bona fide executive exemption, management includes "activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; . . . appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; . . . [and] apportioning the work among the employees." 29 C.F.R. § 541.102. The Travis County job description for lieutenants lists many such management activities. (Law Enforcement Lieutenant Job Description, Dkt. 28-5, at 1–2). For example, a lieutenant "educates, trains, and assists Deputy Sheriffs and Sergeants," "[m]anages and monitors unit briefings to ensure personnel receive relevant information," "[m]anages and monitors assigned personnel," "[m]anages designated personnel with administrative duties [and] assists superiors with administrative requirements," "[m]anages and ensures compliance of mandated and elective training," "[c]ommends/counsels/disciplines officers

18

as appropriate," and "[s]erve[s] on hiring and promotional boards as requested." (*Id.*). Additionally, Plaintiffs have said in depositions that they participate in several of the enumerated management activities. For example, Lieutenants Mangum and Jewert train or supervise the training of the sergeants they supervise. (Mangum Dep., Dkt. 28-11, at 22–24; Jewert Dep., Dkt. 28-13, at 32:13–17). Plaintiffs have also produced evidence tending to show that they also engage in first responder activities, such as being on patrol, (*e.g.*, Mills Aff., Dkt. 27-1, at 1). First responder duties are included in their job description, which states that it is important that a lieutenant "[m]aintains physical fitness in order to perform essential duties of the position," and "[u]ses reasonable force when necessary." (Law Enforcement Lieutenant Job Description, Dkt. 28-5, at 2). Lieutenants must be "proficient in the use of defensive tactics requiring physical force" and be able to "[u]se appropriate physical force, including deadly force, when necessary to prevent the imminent threat of death or serious bodily injury to others or self." (*Id.*).

The question, therefore, is which of Plaintiffs' duties is primary. Considering the factors laid out by the Department of Labor, 29 C.F.R. § 541.700(a), neither Plaintiffs nor Defendants can demonstrate that they are entitled to judgment as a matter of law. Here, as in *Escribano I*, there is a genuine factual dispute with respect to whether Plaintiffs' exempt management duties or their non-exempt first responder duties are more important.

Ultimately, whether Plaintiffs' management duties or first responder duties are primary is a question of fact. See *Maestas*, 664 F.3d at 828–29 (holding that "the primary duty determination is a factual one" and thus "summary judgment is proper only if there [is] no genuine dispute regarding plaintiffs' primary duties"); *see also Vela v. City of Houston*, 276 F.3d 659, 677 (5th Cir. 2001) (holding that "[w]hether an employee's 'primary duty consists of management' is a fact-sensitive inquiry"). Because defendants have raised a genuine issue of fact regarding Plaintiffs' primary duty, Plaintiffs' motion for summary judgment on the issue must be denied.

## VI. CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings, (Dkt. 28), is

**GRANTED IN PART AND DENIED IN PART**. Accordingly, Plaintiffs' state law claim is

**DISMISSED**, but their FLSA and § 1983 claims remain. Defendants' motion for summary

judgment, (Dkt. 28), is **DENIED**. Plaintiffs' motion for partial summary judgment, (Dkt. 27), is

**DENIED**.


**SIGNED** on February 21, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

20