UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRYCE MILLER, ROBERT MILLS, | § | |
| MICHAEL STRAWN, JASON JEWERT | § | |
| MICHAEL CANALES, and | § | |
| BELINDA MANGUM | § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| | § | 1:16-cv-01196-RP |
| v. | § | |
| | § | |
| TRAVIS COUNTY, TEXAS, and | § | |
| SARAH ECKHARDT | § | |
| in her official capacity | § | |

## RENEWED MOTION
## AND DECLARATION FOR ATTORNEY'S FEES AND COSTS

Pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(2) and Local Rule CV-7(j), Plaintiffs respectfully file their motion for attorney's fees and costs and declaration pursuant to 28 U.S.C. § 1746 in support of said motion and would respectfully show the Court as follows:

### PROCEDURAL BACKGROUND

Plaintiffs brought suit against Travis County under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, claiming that the County misclassified them as "exempt" under the Act and failed to pay them overtime compensation for time worked over 40 hours per week. (Doc. No. 74, p. 5).

Plaintiffs brought this action to recover unpaid compensation and other appropriate relief from the Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., and Texas Local Government Code Chapter 157, Subtitle B et seq. Plaintiffs contended that Defendant improperly failed to compensate them at one and one-half times their regular rate for hours worked, on-call time, and call back time over forty worked in each work week, thereby depriving Plaintiffs of compensation to

which they were entitled under the foregoing statutes and in violation of the due process guaranteed by Texas law by way of due process protections under Article XIV, United States Constitution. After trial, the jury returned a verdict for Plaintiffs. On March 26, 2019, the Court entered judgment on the jury's verdict, awarding Plaintiffs backpay damages found by the jury and an equal amount of liquidated damages, for a total award of $ 275,264.20.

Defendants moved to overturn the jury's verdict, but the Court denied their motion and entered a final judgment.

Undeterred, Defendants appealed. Forcing counsel for Plaintiffs to retain appellate counsel and to expend sums to protect the jury verdict and judgment. On April 17, 2020, the Fifth Circuit Court of Appeals entered its judgment and mandate confirming the jury's verdict and the Court's final judgment.

By this motion, Plaintiffs' seek reasonable attorney fees, costs, and expenses pursuant to 29 U.S.C. §216(b).

**LEGAL BASIS FOR AWARD OF ATTORNEY FEES, COSTS AND EXPENSES**

The FLSA requires an award of reasonable fees to a prevailing plaintiff. *See* 29 U.S.C. §216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."(emphasis added)); *Tyler v. Union Oil Co*., 304 F.3d 379, 404 (5th Cir 2002).

The lodestar method is generally the appropriate approach for calculating attorney's fees. *Id*.; *Lewis v. Hurst Orthodontics, PA*, 292 F. Supp. 2d 908, 909 (W.D. Tex. 2003). That approach requires multiplication of the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Migis v.*

2

*Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Thereafter, the Court determines whether the amount should be raised or lowered in consideration of the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 788 F.2d 714, 717-719 (5th Cir. 1974). *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). The twelve factors are as follows:

(1) the time and labor required for the litigation;
(2) the novelty and difficulty of the questions presented;
(3) the skill required to perform the legal services properly;
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the result obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*Hensley,* 461 U.S. at 434.

The degree of plaintiffs' success is "[t]he most critical factor." *Id*. at 436. Full fees can be appropriate even if plaintiffs recovered only a portion of the relief sought. *Singer*, 324 F.3d at 829-30. Indeed, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Black Heritage Society v. City of Houston*, No. H-07-0052, 2008 WL 2769790 at *6 (S.D. Tex. 2008) (quoting *Hensley,* 461 U.S. at 435).

Costs recoverable under the FLSA are as defined by 28 U.S.C. § 1920. *Singer*, 292 F. Supp. 2d. 913. A court may award costs to the prevailing party in an

3

FLSA action as set forth in 28 U.S.C. § 1920. Under that section, a court may tax the following costs: (1) fees of the clerk and marshal; (2) fees of the court reporter obtained for use in the case, (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) fees for court-appointed experts, interpreters, and special interpretation services. *Id.*

Though all Plaintiffs' requested costs are enumerated in 28 U.S.C. § 1920, successful plaintiffs can be awarded other out-of-pocket expenses they have reasonably incurred in an FLSA action even if those expenses are not set forth in that statute. *Sales v. Bailey*, 2:12-CV-00056-SA-SAA, 2015 WL 1825060, at *6 (N.D. Miss. Apr. 22, 2015) (comparing the FLSA to the ADEA and finding "that the FLSA also grants authorization for recovery of reasonable out-of-pocket expenses.")

**ATTORNEY FEES, COSTS AND EXPENSES CLAIMED IN THIS CASE**

The Plaintiffs' application for attorney fees and costs in this case is supported by an affidavit (which is incorporated herein in full by reference) from Jacob Scheick, co-lead attorney for Plaintiffs, as well as reports of hours expended and costs incurred.

**The attorney fees claimed total $149,960; and**

**taxable costs incurred total $3,734.64**

In *Singer*, plaintiffs sought to recover $5 million in backpay damages under the FLSA. *Singer*, 324 F.3d at 829. The plaintiffs eventually recovered only $180,000 in damages. *Id*. at 829-30. The district court awarded the Plaintiffs $250,750 in attorney's fees, the full amount of their fee request. *Singer v. City of Waco, Texas*, CIV.A.W-99-CA-296, 2001 WL 34773880, at *5 (W.D. Tex. Nov. 13, 2001). The Fifth Circuit upheld

4

the district court, finding that the district court was not required to reduce the amount of attorney fees awarded to the plaintiffs. *Id*. at 830.

In contrast to *Singer* where plaintiffs' counsel expended $250,750 in fees to obtain a $180,000 award, here, the damages award $275,264.20 is nearly double the approximately $150,000 attorney's fees and costs expended and sought.

In this case, in order to successfully claim the executive exemption (29 U.S.C. §213(a)(1)), Travis County was required to prevail on both the Plaintiffs' "salary basis" and "primary duties" theories of recovery. The Plaintiffs' success on either theory would defeat the Defendant's entitlement to the exemption and entitle Plaintiffs to full backpay relief. Because Plaintiffs were successful in obtaining full backpay relief, under the FLSA and governing case law noted above, they likewise are entitled to full attorney fees. Plaintiffs were also successful in establishing that their due process rights were violated.

Plaintiffs then successfully defeated Defendants appeal. In order to do so, Plaintiffs retained appellate counsel admitted in the Fifth Circuit Court of Appeals in addition to the undersigned counsel who appeared at trial.

The enclosed affidavit additionally addresses the *Georgia Highway Express* factors relevant to this case, as well as the statutory and case law support for recovery of taxable costs and necessary out-of-pocket expenses.

For these reasons, Plaintiffs respectfully request that the Court award them attorney fees, taxable costs and out-of-pocket expenses in the amounts specified above plus any interest accruing thereon from the date of the award.

Respectfully submitted,

*/s/ Jacob Scheick*
Bo Blackburn
State Bar No. 24006853
Jacob Scheick
State Bar No. 24060563
ALMANZA, BLACKBURN & DICKIE, LLP
2301 S. Capital of Texas Hwy.
Bldg. H
Austin, Texas 78746
(512) 474-9486
(512) 478-7151 – Fax
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 29, 2020, a copy of the foregoing was served upon the following counsel of record via the Court's electronic filing system:

LAURIE R. EISERLOH
State Bar No. 06506270
laurie.eiserloh@traviscountytx.gov
AMY S. YBARRA
State Bar No. 24013573
Amy.Ybarra@traviscountytx.gov

*/s/ Jacob Scheick*
Jacob Scheick

**CERTIFICATE OF CONFERENCE**

This is to certify that, as required by Local Rule CV-7(j), the undersigned counsel conferred with counsel for Defendant Travis County, regarding the contents of Plaintiffs' motion but the parties could not reach an agreement.

/s/ Jacob Scheick
Jacob Scheick

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRYCE MILLER, ROBERT MILLS, | § | |
| MICHAEL STRAWN, JASON JEWERT | § | |
| MICHAEL CANALES, and | § | |
| BELINDA MANGUM | § | |
|     Plaintiffs, | § | CIVIL ACTION NO. |
| | § | 1:16-cv-01196-RP |
| v. | § | |
| | § | |
| TRAVIS COUNTY, TEXAS, and | § | |
| SARAH ECKHARDT | § | |
| in her official capacity | § | |

## DECLARATION OF JACOB SCHEICK IN SUPPORT OF
## PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

I, Jacob Scheick, am over twenty-one years of age and am competent to make this declaration pursuant to 28 U.S.C. § 1746, and hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I have never been convicted of a felony or a misdemeanor involving moral turpitude. The following facts are of my own personal knowledge and are true and correct.

I am an attorney representing Plaintiffs Bryce Miller, Robert Mills, Michael Strawn, Jason Jewert, Michael J. Canales, and Belinda Mangum, in their claim against Travis County, Texas, and Sarah Eckhardt, in her official capacity, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and 42 U.S.C. §§ 1983, 1988, etc. as more specifically set forth in Plaintiffs' Complaint as amended to date.

I am submitting this affidavit in support of Plaintiffs' Renewed Motion for Attorney Fees.

**REPORT OF ATTORNEY AND STAFF HOURS EXPENDED**

The attorneys in this case have maintained contemporaneous records of the services that we have rendered representing the Plaintiffs and the amount of hours expended by the lawyers, law clerks and paralegals.

A true and correct report indicating the number of hours expended by me and other attorneys and legal staff in my office and appellate counsel Meredith Parenti of Parenti Law, PLLC in pursuing the Plaintiffs' claims is attached hereto as Exhibit "A".

The report is organized chronologically and by firm. The name of the attorney appears under the "Timekeeper" column. The number of hours for each entry are expressed under the "Units" column, in tenth of an hour increments. The hourly rate for each entry is set forth under the "Rate" column. Each entry also includes a brief description of the tasks undertaken, redacted as appropriate to protect attorney-client and work produce privileged information. The names used correspond to the following individuals and their titles:

| Name | Person's Name | Title |
|---|---|---|
| Blackburn | Bo Blackburn | Partner |
| Scheick | Jacob Scheick | Partner |

The report set forth on the Parenti Law, PLLC invoices were all for time expended by Meredith Parenti.

All of the time reported in the attached exhibit was time actually spent representing the Plaintiffs. Because Plaintiffs were successful in obtaining full backpay relief, a finding that Defendants willfully violated the FLSA, a finding that Defendants violated state law, and a finding under Section 1983 that Defendants violated Plaintiffs due process rights, all of the hours spent pursuing that claim, regardless of whether they

were spent pursuing the "salary basis" or the "primary duties" elements of the exemption, have been included in the exhibit. This approach is consistent with attorney fee awards in cases in the Fifth Circuit, including *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004) and *Black Heritage Society v. City of Houston*, No. H-07-0052, 2008 WL 2769790 (S.D. Tex. 2008) (First Amendment case).

I have carefully reviewed the files and time records for the purpose of determining the services rendered and the number of hours expended by the attorneys in representing the Plaintiffs in this action. The hours stated are based upon contemporaneous time records and a thorough review of the file. In setting forth this time I have exercised reasonable billing judgment and have not charged for work that would not normally be billed. I believe all of the work the attorney's performed on the attached billing statements materially advanced the claims upon which liability was established and is directly attributable to these claim. We have attempted to be as efficient as possible in handling this claim. In sum, the hours expended were actually expended on the topics stated in the report, and the amount of time charged, in my opinion and based on my experience, is reasonable.

## HOURLY RATES

I am a partner at my firm and was co-lead counsel and primarily responsible for this case. I have been licensed to practice law for nearly 13 years and have been practicing in Austin and Texas, exclusively for all that time. A copy of my current resume is attached hereto as Exhibit B. Bo Blackburn, co-lead counsel on this matter and an equity partner at my law has been licensed to practice law in Texas for over twenty years. A copy of his resume is attached as Exhibit C. Meredith Parenti, appellate

counsel for this matter, has been licensed to practice law for over 23 years, and has been practicing appellate law for nearly all that time. Exhibit D.

I remain abreast of the developing jurisprudence regarding court-awarded attorneys' fees and periodic annual studies in legal publications of attorney fee rates being charged in Texas, and in the Austin area. As a result, I am familiar with reasonable rates that attorneys of various skill levels have charged, and are currently charging.

A true and correct copy of a report of 2013 hourly rates charged by attorneys throughout the state conducted by *Texas Lawyer* is attached hereto as Exhibit E. The report states that, in 2013, the median hourly rate of an "Equity Partner" in the state was $388. A median hourly rate for a non-equity partner in the state was $350. In the five years since the *Texas Lawyer* report, the hourly rates for attorneys in Austin has only increased.

In the instant case, the partner rate charged by Bo Blackburn was $12 above the median rate—seven years ago. The non-equity partner rate for Jacob Scheick was approximately $25 below both the Texas median rate—seven years ago. Meredith Parenti's rate was $88 below the Texas median rate—seven years ago.

Based on the above information, I feel the appropriate hourly fee to compensate for the services that the equity law partners performed is at least $400 per hour. The appropriate hourly fee to compensate for the non-equity partners is at least $325 per hour. And the appropriate hourly fee for appellate counsel Meredith Parenti is at least $300 per hour.

In addition, attorney's fee arrangement with Plaintiffs in this matter was contingent upon success. Moreover, trial counsel for Plaintiffs paid for all the fees and costs for appellate counsel, without cost to Plaintiffs, absent an ultimate award in

Plaintiffs' favor. In other words, counsel for Plaintiffs not only risked no compensation in accepting this matter on contingency. Trial counsel for Plaintiffs risked a substantial negative recovery for this matter in order to help ensure Plaintiffs were successful on appeal. If anything, pursuant to the lodestar method set forth in *Johnson v. Georgia Highway Express, Inc.*, 788 F.2d 714, 717-719 (5th Cir. 1974), this risk and arrangement warrants an upward adjustment of the fee award. But as set forth above, counsel for Plaintiffs merely seek a reimbursement of the time and expenses expended in achieving the complete success for their clients in this matter.

Because of my practice in the federal and state courts in Texas, especially here in Travis County, I am well acquainted with the usual and customary fees charged by attorneys for employment litigation and am well acquainted with the usual and customary rates charged and awarded in connection with such litigation. This usual and customary fee currently is between $350 to $450.00 per hour for attorneys of similar ability, depending upon:

- the time and labor required for the litigation;
- the novelty and difficulty of the questions presented;
- the skill required to perform the legal services properly;
- the preclusion of other employment by the attorney due to acceptance of the
- case;
- the customary fee;
- whether the fee is fixed or contingent;
- time limitations imposed by the client or the circumstances;
- the amount involved and the result obtained;
- the experience, reputation and ability of the attorneys;
- the "undesirability" of the case;
- the nature and length of the professional relationship with the client; and
- awards in similar cases.

In summary, the rates claimed are reasonable. The lodestar amount of fee and expenses that should be awarded are reflected in the attached billing statements, which

accurately reflect plaintiffs' reasonable and necessary attorney fees incurred through the date of this affidavit (with some attorney-client and/or work-product information redacted governing specific communications and/or issues).

From pre-suit through the appeal and this motion seeking attorney's fees, Plaintiffs seek recovery of 100.2 hours of partner time for Bo Blackburn and 264.8 hours of Jacob Scheick's partner time for work performed through the date reflected on these billing statements, and 79.4 hours for Meredith Parenti's equity partner time for work performed through the date reflected on these billing statements (all of which have been paid by my firm prior to the date of this declaration), all as calculated in accordance with the method described herein. At the rate of $400 per hour for Bo Blackburn's time and $325 for Jacob Scheick's partner time, and at a rate of $300 for Meredith Parenti's time, the amount claimed for attorney's fees is $149,960, which is a reasonable and necessary fee in this matter.

**REPORT OF COSTS**

In addition, our firm has incurred costs for filing fees, service fees, deposition costs, copying, mailing and other reasonable taxable costs for which compensation is sought. Receipts for these Costs are attached as Exhibit F. A summary of these costs is below:

**Summary 28 USC Section 1920 Costs**

| Date | Amount | Description |
|---|---|---|
| 10/3/2016 | $327.19 | Filing Fee |
| 1/18/2018 | $1,127.35 | Wright/Watson-Depositions of Major Arrevelo and Lt. Mangum |
| 2/23/2018 | $1,555.00 | Exhibit Company-preparation of demonstratives/exhibits for trial |
| 3/7/2018 | $605.10 | Rainmaker-Paper and Electronic reproduction of exhibits for trial |
| 4/17/2020 | $120.00 | Appellate Bill of Costs |
| | **$3,734.64** | |

The report is organized chronologically and lists the date of the expense, the amount of the expense incurred, and a description of the expense.

In my opinion, no cost in the attached report was attributable solely to claims or issues for which the plaintiffs did not recover. Therefore, no cost is excluded.

Thus, plaintiffs have incurred $3,734.64 in reasonable and necessary costs allowed under 28 U.S.C. §1920 in this cause. The costs claimed were actually incurred on the items stated in the report, and the costs incurred and the amounts claimed are reasonable. It is equitable and just for these sums to be awarded the plaintiffs for their reasonable and necessary.

### *JOHNSON v. GEORGIA HIGHWAY EXPRESS FACTORS*

Pursuing the Plaintiffs' claims via this litigation was a time-consuming and laborious task. At the time of trial, six Plaintiffs' claims were before the Court. The recovery period involved several years of pay and extensive records regarding pay, scheduling, duties and other matters. The Defendant attempted to pursue the executive FLSA exemption sought written discovery from Plaintiffs and conducted oral depositions of all three Plaintiffs that were not included in the previous suit. Plaintiffs in-turn had to

conduct one deposition of Defendant's witnesses. This was before the appeal in which Defendants raised questions regarding the standard for the jury to find on behalf of the Plaintiffs as well as each of the FLSA issues referenced below. Through hard work and skill, Plaintiffs prevailed at both the trial and appellate court.

The Plaintiffs' claims raised novel and difficult questions, including: the applicability of "the first responder regulation" (29 CFR 541.3(b)), the evolving federal case law interpreting this regulation, the salary basis test for state and county employees, the effect of deductions on employees' compensation on a salary basis, the scope of Defendant's loss of the exemption and its relation to backpay damages, the good faith or reasonable basis for Defendant's classification of Plaintiffs as exempt, and others. In addition, Plaintiffs grappled with complex appellate and procedural issues in their appeal, as referenced above.

In my opinion, the skill required to properly pursue the Plaintiffs' claims is high. The FLSA statute, regulations and guidance is complex and often confusing. By way of example, there has been a spate of litigation concerning the so-called "first responder exception" to the executive exemption. *See, e.g., Mullins v. City of New York*, 523 F. Supp. 2d 339 (S.D.N.Y. 2007), *rev'd* 653 F.3d 104 (2d Cir. 2011); *Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822 (10th Cir. 2012) (reversing trial court's summary judgment in favor of defendants).

Pursuing Plaintiffs' claims precluded me, others in my office, and Meredith Parenti from pursuing representation of other clients due to the time required to properly prosecute the claims. During trial, trial preparation, briefing and some discovery periods and throughout the appeal, my office and Ms. Parenti devoted a significant portion of our available time to the Plaintiffs' case, and for which other matters could not be pursued (as

demonstrated by the time records themselves, attached as Exhibit A, and discussed above).

In addition, attorney's fee arrangement with Plaintiffs in this matter was contingent upon success. Moreover, trial counsel for Plaintiffs paid for all the fees and costs for appellate counsel (who was retained as an agent of my law firm), without cost to Plaintiffs, absent an ultimate award in Plaintiffs' favor. In other words, counsel for Plaintiffs not only risked no compensation in accepting this matter on contingency. Trial counsel for Plaintiffs risked a substantial negative recovery for this matter in order to help ensure Plaintiffs were successful on appeal. If anything, pursuant to the lodestar method set forth in *Johnson v. Georgia Highway Express, Inc.*, 788 F.2d 714, 717-719 (5th Cir. 1974), this risk and arrangement warrants an upward adjustment of the fee award. But as set forth above, counsel for Plaintiffs merely seek a reimbursement of the time and expenses expended in achieving the complete success for their clients in this matter.

I hereby declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on this 29th day of April, 2020.

Jacob Scheick